Filed 5/9/14  P. v. Scott CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E058468 |
| v. | (Super.Ct.No. FVA1101451) |
| DEWAYNE LEON SCOTT, JR., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Gerard S. Brown, Judge.  Affirmed.

Christopher Nalls, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Michael T. Murphy, and Steve Oetting, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted defendant of voluntary manslaughter (count 1; Pen. Code, § 192,

1

subd. (a)),[1] as a lesser included offense of the charged crime of first degree murder, and attempted voluntary manslaughter (count 2; §§ 664/192), the lesser included offense of the charged crime of attempted murder. The jury additionally found true allegations defendant had personally used a firearm in his commission of the offenses. Defendant admitted he had incurred a prior strike conviction (§§ 667, subds. (c) & (e)(1), 1170.12, subd. (c)(1)), a prior serious felony conviction (§ 667, subd. (a)(1)), and a prior prison term (§ 667.5, subd. (b)). The court sentenced defendant to an aggregate term of incarceration of 25 years four months.

On appeal, defendant requests we conduct an independent review of the records examined by the trial court pursuant to defendant's *Pitchess*[2] motion to determine whether the court abused its discretion in finding no relevant materials to disclose. Defendant also contends the court's imposition of $280 restitution fines was unauthorized. We affirm the judgment.

FACTUAL BACKGROUND

On April 4, 2011, defendant, Tyrell D. Thomas, and several other individuals attended a party at an apartment in Rialto.[3] Defendant became engaged in a fist fight with a man known as Tuna Brain (TB). Someone fired a gun after which everybody ran

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 (*Pitchess*).

[3] Thomas was initially charged in the same information as defendant, but their cases were later severed.

off.  Defendant, Thomas, and others returned to the apartment.

At some point later, a resident of the apartment exclaimed that TB and others had returned with guns.  Defendant exited the apartment and saw TB and others with guns.  Thomas handed defendant a gun.  Defendant fired several shots toward TB and the others.[4]  The victim, one of the individuals with TB, dropped to the ground.

Officers were dispatched to the scene around midnight where they found the victim unresponsive and laying face down in the courtyard of the apartment complex.  The victim died, sustaining gunshot wounds to his head and thigh.  No firearms were recovered.  Several .40- and .22-caliber shell casings were found around the victim's body.

## DISCUSSION

A.  *Pitchess* Proceedings.

Defendant requests we conduct an independent review of the materials examined by the trial court pursuant to defendant's *Pitchess* motion to determine whether the court abused its discretion in determining there were no disclosable documents.  The People agree we should conduct such a review.  After having reviewed the sealed *Pitchess* proceedings below, we hold the court acted within its discretion in finding no disclosable materials.

Defendant filed a motion below seeking disclosure of any materials regarding the investigating officer's record for coercing, intimidating, manipulating witnesses, or

---

[4] Defendant admitted shooting at the group both during a police interview, a recording of which was played to the jury during trial, and in his testimony at trial.

3

changing their stories after their initial reports. The Rialto Police Department opposed the motion. Defendant replied. At an initial hearing, the court continued the matter to allow defendant to submit supplemental filings demonstrating a specific, plausible, alternate factual scenario based on the allegations.

Defendant file an ex parte motion for sealing a supplemental document in support of his *Pitchess* motion along with a separate, sealed supplemental declaration. At an in camera hearing with defense counsel, the court determined which portions of the supplemental declaration would remain redacted in the copy given opposing counsel. The court then granted defendant's *Pitchess* motion to review the investigating officer's files based on the redacted portions of the supplemental declaration.

At a second in camera proceeding, the court swore in an officer of the Rialto Police Department. The officer informed the court that the Rialto Police Department maintains separate files in separate locations for officers' personnel records and complaints against officers. There had been no complaints of any kind against the investigating officer, so no complaint file existed. The officer brought with him the investigating officer's personnel file which the court reviewed "in an abundance of caution." The court found nothing in the investigating officer's personnel file regarding complaints. The court indicated it had "completed [its] in-camera review of [the investigating officer's] personnel record. I found nothing to disclose."

"'This court routinely independently examines the sealed records of such in camera hearings to determine whether the trial court abused its discretion in denying a defendant's motion for disclosure of police personnel records. [Citations.]' [Citations.]"

4

(*People v. Myles* (2012) 53 Cal.4th 1181, 1209.)  We have reviewed the sealed documents and proceedings related to the *Pitchess* proceedings below and determine the court acted within its discretion in finding no disclosable materials.

B.  Restitution Fines.

Defendant contends the court intended to impose the statutory minimum restitution fines, but inadvertently believed the minimum to be $280 when it was actually $200.  Therefore, defendant maintains imposition of the $280 fines were unauthorized and must be reduced to $200.  The People argue defendant forfeited any challenge to imposition of the restitution fines by failing to object below.  The People further assert that, even if not forfeited, imposition of restitution fines in the amount of $280 was within the sentencing court's discretion.  We agree with the People.

The probation officer's report, prepared in advance of the sentencing hearing, recommended the court impose restitution fines of $10,000 pursuant to sections 1202.4 and 1202.45, respectively.  At the sentencing hearing, the court stated "I'm going to assess a restitution fine of $280 to be collected by the Department of Corrections in addition to a restitution fine of $280 stayed pending successful completion of parole." Defense counsel interposed no objection.

At the time of defendant's offenses, former section 1202.4, subdivision (b) required the court to impose a restitution fine in an amount "not less than two hundred dollars . . . ."  Likewise, former section 1202.45 provided for a suspended fine in the same amount as that provided by former section 1202.4, subdivision (b).  The Legislature

amended section 1202.4 subdivision (b), effective January 1, 2012, to require a restitution fine in an amount no less than $280.

"In setting the amount of the fine pursuant to subdivision (b) in excess of the minimum fine pursuant to paragraph (1) of subdivision (b), the court shall consider any relevant factors, including, but not limited to, the defendant's inability to pay, the seriousness and gravity of the offense and the circumstances of its commission, any economic gain derived by the defendant as a result of the crime, the extent to which any other person suffered losses as a result of the crime, and the number of victims involved in the crime. Those losses may include pecuniary losses to the victim or his or her dependents as well as intangible losses, such as psychological harm caused by the crime. Consideration of a defendant's inability to pay may include his or her future earning capacity. A defendant shall bear the burden of demonstrating his or her inability to pay. *Express findings by the court as to the factors bearing on the amount of the fine shall not be required.*" (§ 1202.4, subd. (d), italics added.)

"An objection to the amount of restitution may be forfeited if not raised in the trial court. 'The unauthorized sentence exception is "a narrow exception" to the [forfeiture] doctrine that normally applies where the sentence "could not lawfully be imposed under any circumstance in the particular case," for example, "where the court violates mandatory provisions governing the length of confinement." [Citations.] The class of non[forfeitable] claims includes "obvious legal errors at sentencing that are correctable without referring to factual findings in the record or remanding for further findings."' [Citation.] The appropriate amount of restitution is precisely the sort of factual

6

determination that can and should be brought to the trial court's attention if the defendant believes the award is excessive." (*People v. Garcia* (2010) 185 Cal.App.4th 1203, 1218.)

Here, because sections 1202.4, subdivision (b), and 1202.45 permit the court to impose maximum restitution fines of $10,000, the court's imposition of $280 fines was not unauthorized. As such, defendant forfeited any contention the fines were excessive by failing to object below, particularly as defense counsel had forewarning of the imposition of potentially much larger restitution fines. Moreover, defendant's contention that any finding of forfeiture raises the specter of ineffective assistance of counsel requiring this court to address the merits fails. (*People v. Vines* (2011) 51 Cal.4th 830, 875-876 ["If the record on appeal ""'sheds no light on why counsel acted or failed to act in the manner challenged[,] . . . unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation,' the claim on appeal must be rejected,"' and the 'claim of ineffective assistance in such a case is more appropriately decided in a habeas corpus proceeding.' [Citation.]"].) Here, counsel very well could have tactically determined not to object since the court's imposition of $280 restitution fines was well below the maximum fines recommended by the probation officer.

Finally, the record does not support defendant's contention the court intended to impose the minimum fine. The probation officer recommended imposition of the maximum fine. The instant case involved the homicide of one victim and the attempted homicide of another. The court's imposition of restitution fines slightly above the

7

minimum, but well below the maximum amount recommended by the probation officer was well within the court's discretion.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

RICHLI
Acting P. J.

MILLER
J.